UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-CV-62756

WILLIAM WARNER,
individually and on behalf of all
others similarly situated,

      CLASS ACTION

    Plaintiff,

      JURY TRIAL DEMANDED

v.

CONSTANT CONTACT, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff WILLIAM WARNER ("Plaintiff") brings this class action against Defendant CONSTANT CONTACT, INC. ("Defendant") and alleges upon personal knowledge, experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), arising from Defendant's violations of the TCPA.

2. Defendant is an online marketing company headquartered in Burlington, MA.

3. To solicit new clients, Defendant engages in unsolicited marketing with no regard for privacy rights of the recipients of those messages.

4. Defendant caused thousands of unsolicited text messages to be sent to the cellular telephones of Plaintiff and Class Members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks up to $1,500.00 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provide and market their services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within this district and, on information and belief, Defendant have sent the same text message complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

## PARTIES

8. Plaintiff is a natural person and is a resident of Miami-Dade County, Florida.

9. Defendant is a Delaware corporation, with a principal address of 10 Corporate Drive, Burlington, MA 01803.

10. Defendant directs, markets, and conducts substantial business activities in Florida.

PAGE | 2 of 13

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## THE TCPA

11. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

12. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

13. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii). "A text message to a cellular telephone qualifies as a 'call' within the meaning of the TCPA." Thomas v. Peterson's Harley Davidson of Miami, L.L.C., 363 F. Supp. 3d 1368, 1371 (S.D. Fla. 2018).

14. The TCPA exists to prevent communications like the ones described within this Complaint. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

15. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

16. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

17. A defendant must demonstrate that it (the defendant) obtained the plaintiff's prior express consent. *See* <u>In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls"). Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See* <u>Satterfield v. Simon & Schuster, Inc.</u>, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## FACTS

18. Beginning on or about February 12, 2019 Defendant began sending marketing text messages to Plaintiff's cellular telephone number, ending in 9000 (the "9000 Number"), without Plaintiff's prior express consent. Below is a depiction of *some* of the text messages Defendant sent to Plaintiff:

> Miami's Small Business Expo is tomorrow. Be sure to visit Constant Contact in booth 514 to learn how our email marketing tools can boost your business & how our Marketing Advisor program can help. More info at constantcontact.com/marketingadvisor  RSVP Now: http://bit.ly/SBEMIA19
> Rply STOP to stop

19. Defendant's tortious conduct against Plaintiff occurred in part within this district and, on information and belief, Defendant sent the same text message complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

20. At no point in time did Plaintiff provide Defendant with Plaintiff's express written consent to be contacted by text message using an ATDS.

21. Plaintiff is the sole user and/or subscriber of the 9000 Number.

22. Plaintiff has been on the National Do Not Call Registry since October 09, 2007.

23. The number used by or on behalf of Defendant, *i.e.*, 245-87, is known as a "short code." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

24. The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a short-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.*, an ATDS, in transmitting the messages.

25. To send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

26. The Platform has the capacity to store telephone numbers.

27. The Platform has the capacity to generate sequential numbers.

28. The Platform has the capacity to dial numbers in sequential order.

29. The Platform has the capacity to dial numbers from a list of numbers.

30. The Platform has the capacity to dial numbers without human intervention,

31. The Platform has the capacity to schedule the time and date for future transmission of text messages.

32. To transmit the text messages at issue, the Platform automatically executed the following steps: [1] The Platform retrieved each telephone number from a list of numbers in the

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

sequential order the numbers were listed; [2] The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's message to create "packets" consisting of one telephone number and the message content; [3] Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers; and [4] Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant. Each mobile carrier then sent the message to its customer's mobile telephone.

33. The above execution of Defendant's instructions occurred seamlessly, with no human intervention, and almost instantaneously. Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

34. The following graphic summarizes the above steps and demonstrates that the dialing of the text messages at issue was done by the Platform automatically and without any human intervention:



35. Defendant's text messages to Plaintiff caused the depletion of Plaintiff's cellular telephone battery. The battery used to power Plaintiff's cellular telephone can only be recharged a limited number of times before the battery's voltage begins to decrease, causing the cellular phone to turn off completely, without warning, if the battery drops below the minimum voltage needed to safely power Plaintiff's cellular telephone.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

36. Defendant's text messages took up memory space on Plaintiff's cellular telephone, with each message taking up approximately 190 bytes. The cumulative effect of unsolicited text messages, such as those complained of by Plaintiff herein, poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

37. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

### *PROPOSED CLASS*

38. Plaintiff brings this case on behalf of the following classes (collectively, the "Class"):

> **No Consent Class**: **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message **[5]** using the same type of equipment used to text message Plaintiff **[6]** from Defendant or anyone on Defendant's behalf.
>
> **Do Not Call Registry Class:** **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message **[5]** within any 12-month period **[6]** from Defendant, or another person or entity acting on Defendant's behalf, **[7]** whereby said cellular telephone number was placed on the national do-not-call registry more than thirty-one (31) days prior to the class member being sent the subject text messages(s).

39. Defendant and their employees or agents are excluded from the Class.

40. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### *NUMEROSITY*

41. Upon information and belief, Defendant has placed automated texts to cellular

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

42. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### *COMMON QUESTIONS OF LAW AND FACT*

43. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency texts to Plaintiff and Class members' cellular telephones using an ATDS; [2] Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such texts; [3] Whether Defendant conduct was knowing and willful; [4] Whether Defendant are liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

44. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### *TYPICALITY*

45. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### *PROTECTING THE INTERESTS OF THE CLASS MEMBERS*

46. Plaintiff is a representative who will fully and adequately assert and protect the interests

of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### *SUPERIORITY*

47. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

48. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### *COUNT I*
### **VIOLATIONS OF 47 U.S.C. § 227(b)**
*On Behalf of Plaintiff and the No Consent Class*

49. Plaintiff re-alleges and incorporates paragraphs 1-48 as if fully set forth herein.

50. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone texts to the cellular telephones of Plaintiff and the other members of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Class. These text messages were sent without regard to whether Defendant had first obtained express permission from the called party to send such text message. In fact, Defendant did not have prior express consent to text the cell phones of Plaintiff or the other members of the putative Class when such text messages were sent.

51. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone texts to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

52. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an injunction against future texts. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of No Consent Class.

53. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system; **[3]** A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to text the cell phones of Plaintiff and the No Consent Class; and **[4]** Any other relief the Court finds just and proper.

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(c)
*On Behalf of Plaintiff and the Do Not Call Registry Class*

54. Plaintiff re-alleges and incorporates paragraphs 1-48 and as if fully set forth herein.

55. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

57. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

58. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

59. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

60. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class members were more than one text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200.

61. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

62. **WHEREFORE**, Plaintiff requests the Court to enter judgment in favor of Plaintiff and the Do Not Call Registry Class, and against Defendant that provides the following relief: [1] Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; [2] A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cellular telephone numbers that have been registered for more than 31-days on the Do Not Call Registry; [3] Any other relief the Court finds just and proper.

## JURY DEMAND

63. Plaintiff, respectfully, demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

64. Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: November 6, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*